IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01758-WYD-CBS

REGIONAL AIRLINE MANAGEMENT SYSTEMS, Inc.,
        Plaintiff,
v.

AIRPORTS USA, Inc.,
        Defendant.
_____

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Defendant's Motion to Dismiss for

Lack of Personal Jurisdiction ("Motion to Dismiss") (doc. #10) and Plaintiff's Motion for

Jurisdictional Discovery ("Plaintiff's Motion") (doc. # 25).  Pursuant to the September

12, 2006 Order of Reference (doc. # 3), and the memoranda dated January 2, 2007

(doc. #28) and February 12, 2007 (doc. # 32), these matters were referred to the

Magistrate Judge.  The court has reviewed the Complaint (doc. #1), Defendant's Motion

to Dismiss, Defendant's Memorandum in Support of Defendant's Motion to Dismiss for

Lack of Personal Jurisdiction ("Defendant's Memorandum") (doc. #11), Plaintiff's

Response to Defendant's Motion to Dismiss ("Jurisdiction Response") (doc. #13),

Defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss for Lack

of Personal Jurisdiction ("Jurisdiction Reply") (doc. #15), Plaintiff's Motion for

Jurisdictional Discovery ("Discovery Motion") (doc. #25), Plaintiff's Memorandum in

Support of Plaintiff's Motion for Jurisdictional Discovery ("Discovery Memorandum")

(filed December 28, 2006) (doc. # 26), Plaintiff's Declaration of Marisa N. James in

Support of Plaintiff's Motion for Jurisdictional Discovery ("James Declaration") (filed

December 28, 2006) (doc. # 27), Defendant's Memorandum in Opposition to Plaintiff's

Motion for Jurisdictional Discovery ("Discovery Response") (filed January 17, 2007)

(doc. # 29), Plaintiff's Reply in Support of Plaintiff's Motion for Jurisdictional Discovery

("Discovery Reply") (filed February 1, 2007) (doc. # 30), the entire case file, the

exhibits, and the applicable law and is sufficiently advised in the premises.

## I.    Background

This is an action for trademark infringement brought by Plaintiff Regional Airline

Management Systems, Inc. ("RAMS"), a Colorado corporation, against Airports USA,

Inc. ("Airports"), a Florida corporation with its principal place of business in Florida.

Since 1984, RAMS has been in the business of "developing, selling and distributing

aviation consulting services and products." (*See* Complaint at p. 2) (doc. #1).  It

alleges it began using the mark "Airports:USA" in interstate commerce beginning in

1992.  *Id.*  RAMS obtained federal registration for the mark "Airports:USA" in July,

2006.  *Id.*

Airports is also in the business of aviation consulting.  (*See* Defendant's

Memorandum p. 2) (doc. #11).  Airports incorporated in Florida in September, 1998,

and began doing business under the name Airports USA, Inc.  Airports alleges that at

the time of its incorporation, Mr. Bienvenu, one of the directors and founders of

Airports, checked the Worldwide Aviation Directory and found no listing with a similar

name.  *Id.*  Airports further alleges that it began using the mark "Airports USA" seven

2

years before RAMS filed a trademark registration application for the mark "Airports USA." (*See* Discovery Response at p. 1) (doc. #29).

RAMS alleges that it became aware that Airports was marketing and selling aviation consulting services under the mark "Airports USA" in June, 2006. (*See* Complaint at p. 2). RAMS further alleges that Airports knew when it first sold services and products under the "Airports USA" mark that RAMS was a prior user of the mark "Airports:USA" in connection with aviation consulting services and products. (*See* Complaint at p. 3). RAMS brought this suit in the United States District Court for the District of Colorado in September, 2006. (*See* Complaint at pp. 3-5).

Airports moved to dismiss for lack of personal jurisdiction, asserting that its business is conducted solely within the State of Florida. (*See* Motion to Dismiss at p. 1) (doc. #10); (*see also* Defendant's Memorandum at p. 2) (doc. #11). However, Airports maintains a website advertising its "Experience" at airports in Illinois, Ohio, Texas, Washington, D.C., Pennsylvania, Arizona, Maine, Oregon, Washington, and New Hampshire. (*See* James Declaration at p. 2) (doc. #27). *Id.* RAMS sought leave to conduct jurisdictional discovery on the basis of this alleged "discrepancy" between Airports' "Experience" webpage and its assertions that it has only conducted business in the State of Florida. (*See* Discovery Motion at p. 1) (doc. #25).[1]

## II.   Standard of Review

When facing a motion to dismiss for lack of personal jurisdiction, the plaintiff

---

[1]Airports contends that there is no "discrepancy," indicating that the "website refers to the experience of the personnel of Airports USA, not the company itself." (*See* Discovery Response at p. 4) (doc. #29).

bears the burden of demonstrating facts to support the exercise of jurisdiction.  *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995).  However, in the early stages of litigation, this burden is light.  *Id.*  Where there has been no evidentiary hearing, a plaintiff can satisfy this burden by making a prima facie showing of personal jurisdiction.  *Benton v. Cameco Corp.,* 375 F.3d 1070, 1074 (10th Cir. 2004); *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992).  To make a prima facie showing, the plaintiff must adduce evidence of specific facts that support its jurisdictional claim*. Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992). All well-pled facts in the complaint, but not mere conclusory allegations, must be taken as true to the extent they are uncontroverted.  *Wenz*, 55 F.3d at 1505; *Ten Mile Indus. Park v. W. Plains Serv. Corp.,* 810 F.2d 1518, 1524 (10th Cir. 1987); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976).  If there are conflicting affidavits, all disputes of fact "are to be construed in a light most favorable to the plaintiff."  *Doe*, 974 F.2d at 145.

III.    **Analysis**

   A.     **Personal Jurisdiction**

In a federal question case where the federal statute at issue does not authorize nationwide service of process, a court may assert personal jurisdiction to "the extent allowed by the state in which the district court sits."  FED.R.CIV.P. 4(k)(1)(A); *SCC Communications Corp. v. Anderson*, 195 F.Supp.2d 1257, 1260 (D. Colo. 2002).

   "Under Colorado law, personal jurisdiction exists only if the requirements of both the state long-arm statute, section 13-1-124, C.R.S., and due process of law are satisfied."  *Fairbrother v. Am. Monument Found., LLC*, 340 F.Supp.2d 1147,

1152 (D. Colo. 2004).  The Colorado Supreme Court has interpreted Colorado's long-arm statute to extend jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.  *Keefe v. Kirschenbaum & Kirschenbaum*, 40 P.3d 1267, 1270 (Colo. 2002).  Thus, if personal jurisdiction over a non-resident defendant is proper under the Due Process Clause, Colorado's long-arm authorizes the exercise of personal jurisdiction.  *Id.*

The Due Process Clause protects the defendant's liberty interest in not being subject to binding judgments in a forum with which it has not established any "meaningful contacts, ties, or relations."  *SCC Communications*, 195 F.Supp.2d at 1260 (internal quotations omitted).  The Due Process Clause of the Fourteenth Amendment requires that the defendant have "minimum contacts" with a state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice."  *World Wide Volkswagen Corp. v. Woodson*, 44 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

A defendant's contacts with a forum state can confer either general or specific jurisdiction, depending on the quality and quantity of the contacts.  *Qwest Communications Intern., Inc. v. Thomas*, 52 F.Supp.2d 1200, 1205 (D.Colo. 1999).  A defendant is subject to general jurisdiction if it has made "continuous and systematic" contacts with the forum state  *Id.*  In contrast, specific jurisdiction extends only when (i) the defendant has purposefully directed its activities at forum residents or otherwise

5

acted to purposefully avail itself of the privilege of conducting activities in the forum and

(ii) the litigation results from alleged injuries that arise out of or relate to those activities.

*Intercon, Inc. v. Bell Atlantic Internet Solutions*, Inc. 205 F.3d 1244, 1247 (10th Cir.

2000); *Impact Prods., Inc. v. Impact Prods., LLC.,* 341 F.Supp.2d 1186, 1190 (D.Colo.

2004).  "The touchstone of the minimum contacts analysis in both cases is 'whether the

defendant's conduct and connection with the forum State are such that he should

reasonably anticipate being haled into court there.'" *Impact Prods.*, 341 F.Supp.2d at

1189; *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85

L.Ed.2d 528 (1985).

If sufficient minimum contacts establish either general or specific jurisdiction, the

Due Process Clause further requires that the exercise of personal jurisdiction not

offend traditional notions of fair play and substantial justice.  *Intercon, Inc.*, 205 F.3d at

1247.  This inquiry "turns on whether it is reasonable in light of the circumstances

surrounding the case" to exercise personal jurisdiction over a non-resident defendant in

the forum state.  *Benton*, 375 F.3d at 1078.

RAMS asserts that Airports is subject to specific jurisdiction in this forum.  (*See*

Jurisdiction Response at p. 2) (doc. #13).  In order to determine whether specific

jurisdiction over this defendant is appropriate, the court must examine whether: (1)

Airports purposefully directed its activities at Colorado or its residents or acted in some

other way by which it purposefully availed itself of the benefits and protections of

conducting business in Colorado; (2) RAMS' claims arise out of or relate to Airports'

forum-related activities; and (3) the exercise of jurisdiction is reasonable such that it

6

does not offend traditional notions of fair play and substantial justice.  *Impact Prods.*, 341 F.Supp.2d at 1190; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

With respect to the first element, RAMS asserts that Airports purposefully directed its activities at Colorado under the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).  (*See* Jurisdiction Response at p. 3) (doc. #13).  This test is used to determine specific jurisdiction in intentional tort cases, such as trademark infringement, in which the non-resident defendant acted in a way that injured the forum resident.  *Impact Prods.*, 341 F.Supp.2d at 1190.  To show purposeful direction under the *Calder* "effects test" the plaintiff must make a prima facie showing that: (1) the defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused a harm that the defendant knows is likely to be suffered within the forum state.  *Calder*, 465 U.S. at 789-90, 104 S.Ct. 1482; *Schwarzenegger*, 374 F.3d at 803; *SCC Communications*, 195 F.Supp.2d at 1262.

RAMS contends that the *Calder* effects test is met based on: (1) Airports' use of the mark "Airports USA" in commerce; (2) RAMS' federal registration of the mark "Airports:USA"; and (3) Airports' webpage advertisement listing prior work in states other than Florida.[2]  (*See* Jurisdiction Response at pp. 4-5) (doc. #13).  RAMS

---

[2] It is unclear whether RAMS asserts that Airports' maintenance of a passive website available to Colorado residents is a forum contact that supporting specific jurisdiction in and of itself; however, such an assertion would be inconsistent with Tenth Circuit case law.  *See Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1299 (10th Cir. 199) (holding that the maintenance of a passive website accessible to forum residents that merely provides information to "interested viewers," is insufficient to demonstrate the purposeful availment of benefits of doing business in the forum).

contends that its existence as a Colorado corporation with its principal place of business in Colorado establishes that Airports "expressly aimed" the alleged infringement at the State of Colorado.  (*See* Jurisdiction Response at p. 5) (doc. #13).

In order to demonstrate that Airports "expressly aimed" or targeted its conduct at Colorado, RAMS must present "something more" than the injuries it allegedly suffered as a result of the out-of-forum trademark infringement.  *Schwarzenegger*, 374 F.3d at 804-05; *Impact Prods.*, 341 F.Supp.2d at 1191.  RAMS relies on both *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) and *System Designs, Inc. v. New Customware Co., Inc.*, 248 F.Supp.2d 1093 (D. Utah 2003) to meet the "something more" requirement.  (*See* Jurisdiction Response at pp. 3-5) (doc. #13).

In *Panavision*, the court found that the defendant intentionally targeted the forum state, "expressly aiming" his conduct at the state through a scheme to extort money from the plaintiff.  *Panavision*, 141 F.3d at 1322.  However, the *Panavision* court explicitly noted that "registering someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another."  *Id.*  The court held that the money extortion scheme constituted the "something more" necessary to subject the defendant to personal jurisdiction in the State of California.  *Id.*

That Airports may have infringed on RAMS' mark outside of Colorado, and may have done so with the knowledge that RAMS was a Colorado resident, is insufficient alone to demonstrate that Airports "expressly aimed" its conduct at Colorado.  *See, e.g.*, *Burger King*, 471 U.S. at 474, 105 S.Ct. 2174 (holding that the foreseeability of a

8

non-forum resident causing injury in the forum state is insufficient to exercise of personal jurisdiction).  "*Calder* did not carve out a special intentional tort exception to the traditional jurisdiction analysis, so that a plaintiff could always sue in his or her home estate."  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998).

In *System Designs*, the court noted that the *Panavision* extortion scheme "tipped the scales" in favor of personal jurisdiction.  248 F.Supp.2d at 1098.  The *System Designs* court similarly refused to create a *per se* rule regarding direct trademark infringements, finding instead that the "something more" requirement was met based on a lengthy infringement that began after a valid trademark registration.  *System Designs*, 248 F.Supp.2d at 1099.

RAMS has neither alleged nor produced any evidence of intentional conduct sufficient to establish the "something more" required by the "express aiming" element of the *Calder* effects test.  RAMS registered its trademark subsequent to Airports' use of the mark "Airports USA" and has not adduced any facts to demonstrate that Airports purposefully aimed its conduct at the State of Colorado subsequent to the registration. "The mere allegation that an out-of-state defendant has . . . committed [ ] business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts" *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995).

The purposeful aiming/direction/availment requirement ensures "that a non-resident defendant will not be haled into court based upon random, fortuitous, or attenuated contacts with the forum state."  *Impact Prods.*, 341 F.Supp.2d at 1192-93

(referring to *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174).  RAMS has failed to allege

facts or present evidence that Airports had any substantive, intentional, and/or

purposeful contacts with the State of Colorado such that the court's exercise of

personal jurisdiction meets the minimum contacts requirements required by the Due

Process Clause of the Fourteenth Amendment.  *Seiferth v. Helicopteros Atuneros, Inc.*,

472 F.3d 266, 276-77 (2006).  RAMS has failed to establish a prima facie case that

Airports had adequate minimum contacts with the State of Colorado or expressly aimed

its acts at the State of Colorado.  Without such a showing, Airports is not subject to

personal jurisdiction in this forum.  As jurisdiction is inappropriate on this ground, the

Court need not address whether the exercise of personal jurisdiction over Airports

would be consistent with traditional notions of fair play and substantial justice.

### B.      Jurisdictional Discovery

The district court has broad discretion in determining whether to permit

jurisdictional discovery.  *Budde v. Ling-Temco-Vought, Inc.,* 511 F.2d 1033, 1035 (10th

Cir. 1975).  If the plaintiff presents factual allegations that suggest "with reasonable

particularity" the possible existence of the requisite contacts, the plaintiff's right to

conduct jurisdictional discovery should be sustained.  *Toys "R" Us, Inc. v. Step Two*,

*S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).  However, where the plaintiff has failed to make

the required threshold showing, courts have been hesitant to grant the plaintiff the

opportunity to conduct discovery in search of the facts necessary to support the

exercise of personal jurisdiction.  *See, e.g. Stutts v. The De Dietrich Group*, 465

F.Supp.2d 156, 169 (E.D.N.Y. 2006) ("[d]istrict courts in this circuit routinely reject

requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a *prima facie* case of jurisdiction").

RAMS argues that jurisdictional discovery could disclose contacts that Airports had with Colorado such as marketing efforts, actual sales of products or services, customer inquiries from Colorado and responses Airports made to such inquiries. (*See* Discovery Reply at p. 2) (doc. #30). However, to justify the court's use of its discretion in granting leave to conduct jurisdictional discovery, RAMS must set forth factual allegations "with reasonable particularity." *See Toys "R" Us, Inc.,* 318 F.3d at 456 (discussing the need for jurisdictional discovery when an articulated basis for jurisdiction needs to be investigated further).

None of the airports listed on Airports' "Experience" webpage are located in the State of Colorado. (*See* Attachment to James Declaration at pp. 1-2) (doc. # 27-2). At best, the alleged "discrepancy" between Airports' website and Mr. Bienvenu's affidavit could demonstrate contacts in those 17 states that are listed, but would not demonstrate an adequate foundation for exercising jurisdiction over Airports in the State of Colorado. *See Budde,* 511 F.2d 1033, 1035 (noting that a trial court's dismissal for lack of personal jurisdiction, accompanied by a refusal to grant jurisdictional discovery, contains an implicit determination that further discovery would not reveal sufficient contacts to justify the exercise of jurisdiction). RAMS has merely alleged that there is a "discrepancy" between the Airports webpage and its prior assertions, but has not alleged any facts that suggest with the requisite degree of particularly the possibility of contacts in *this* state. Thus, the plaintiff has not presented

"sufficient non-frivolous allegations" to adequately support its request for jurisdictional discovery.  *See Toys "R" Us*, 318 F.3d at 456 (laying out the requirement that requests for jurisdictional discovery be supported by sufficient allegations and/or admissions).

## IV.    Conclusion

For the reasons stated above, the court finds that RAMS has not made the requisite showing that Airports purposefully availed itself of the privilege of conducting activities in Colorado.  Absent such a showing, Airports is not subject to personal jurisdiction in this forum.  The court further concludes that RAMS has not articulated any controverted jurisdictional facts that would justify the court's use of its discretion in granting discovery.

Accordingly,

IT IS RECOMMENDED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (filed October 16, 2006) (doc. #10) be GRANTED and this civil action be DISMISSED without prejudice.

Further, IT IS ORDERED that Plaintiff's Motion for Jurisdictional Discovery (filed December 28, 2006) (doc. #25) is DENIED.

## Advisement to the Parties

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583

12

(10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52

13

F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 19th day of March, 2007.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge